**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | § CASE NUMBER 6:25-CR-00030-JDK-|
| v. | § JDL |
| | § |
| | § |
| **DALTON BRADSHAW** | § |
| | § |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On April 8, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Dalton Bradshaw. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offenses of Possession of Stolen Firearms Aiding and Abetting, a class C felony, and Conspiracy to Steal Firearms, a Class C felony. These offenses carried a statutory maximum imprisonment term of 10 years as to each count. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of III, was 135 to 168 months. On February 19, 2014, Senior U.S. District Judge Barbara M. G. Lynn of the Northern District of Texas elected to impose a sentence below the advisory guideline range and sentenced Defendant to 108 months imprisonment and 3 years of supervised release on count 1 and 60 months imprisonment and 3 years supervised release on count 2. Defendant's imprisonment and supervision terms were to run concurrently, subject to the standard conditions of release, plus special conditions to include DNA collection, financial disclosure, participation in workforce

development programs and services, drug after-care, participation in a cognitive behavior program, $19,390 in restitution (paid), and $100 special assessment (paid). On January 8, 2025, Defendant completed his period of imprisonment and began service of the supervision term.

On January 10, 2025, at intake, Defendant provided a urine specimen, which tested positive for methamphetamine. Defendant admitted to mistakenly using methamphetamine the night of his release on January 8, 2025. At that time, Defendant was given a written reprimand and referred to an outpatient substance abuse program. A 12A violation report was also submitted to the Northern District of Texas, with no further action at that time. On March 25, 2025, a transfer of jurisdiction from the Northern District of Texas was approved, and the case was reassigned to U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas.

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. In its petition, the government alleges that Defendant violated his conditions of supervised release twice: (1) on January 10, 2025; February 7, 2025; February 25, 2025; March 17, 2025; and March 26, 2025, when Defendant provided urine specimens, which tested positive for methamphetamine; and (2) when Defendant admitted to the use of methamphetamine on or about January 8, 2025; February 7, 2025; February 22, 2025; March 16, 2025; and March 19, 2025. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by possessing methamphetamine as evidenced by positive drug tests and Defendant's admission to use, Defendant will be in violation of Texas Health and Safety Code § 481.115 and

have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violations of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment with 12 months supervised release to follow for each count of conviction (counts 1 and 2 referenced above). The government further recommended that these sentences should run concurrently.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that the following sentences be imposed. As to the violation of his supervised release with regard to his conviction for count 1, he should be sentenced to 12 months and 1 day imprisonment with 12 months supervised release to follow. As to the violation of supervised release with regard to his conviction for count 2, he should be sentenced to 12 months and 1 day imprisonment with 12 months supervised release to follow. The court **FURTHER RECOMMENDS** that these sentences should run concurrently. Lastly, the court **FURTHER RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 9th day of April, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3